# EXHIBIT A-1

FILED
TARRANT COUNTY
7/12/2022 11:15 AM
THOMAS A. WILDER
DISTRICT CLERK

**Jeff Benton**
**State Bar No. 24050283**
**The Benton Law Firm**
**1825 Market Center Blvd., Suite 350**
**Dallas, Texas 75207**
**Ph: 214-219-4878**
**Fax: 214-615-2950**
**Service@thebentonlawfirm.com**

CAUSE NO. <u>153-334574-22</u>

| | | |
|---|---|---|
| FELICE OWENS, | § | IN THE DISTRICT COURT |
|    Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| COSTCO WHOLESALE CORPORATION | § | |
|    Defendant. | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, Felice Owens, Plaintiff, complaining of and against Defendant Costco Wholesale Corporation (hereinafter "Costco"), and for cause of action would respectfully show the following:

## I. DISCOVERY CONTROL PLAN LEVEL

1.01    Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, this case will be governed according to Discovery Control Plan Level 2. Plaintiff seeks damages in excess of $100,000, but less than $200,000.

## II. PARTIES, JURISDICTION, AND VENUE

2.01    Plaintiff is an individual residing in Texas.

2.02    Defendant Costco Wholesale Corporation is a Corporation and may be served with process upon its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201 or wherever he may be found.

2.03    This Court has jurisdiction and venue over the parties to and subject matter of these claims because the amount in controversy is within the jurisdictional limits of this Court and all or a substantial part of the events or omissions giving rise to the claims herein occurred in Tarrant County, Texas.

## III. STATEMENT OF FACTS

3.01    At all material times, the Costco Defendants, individually and/or collectively were the owner(s) and/or operator(s) of the Premises located at 2601 E. State highway 114, Southlake, TX 76092. Costco was in control of the Premises on which Plaintiff's injuries occurred.

At the time the injuries occurred, Costco had the exclusive right to control the property on which Plaintiff was injured.

3.02     Plaintiff was an invitee at the time the injury occurred. Plaintiff went on the Premises for the mutual benefit of herself and Costco, and at the invitation of Costco.

3.03     At the time of the events in question, the Costco owed Plaintiff a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent and patent defects, and to make safe any defects or give adequate warning of any dangers.

3.04     On or about October 25, 2020, Plaintiff entered the premises, and slipped near the cart return and suffered severe injuries.  There were no warning signs in the area.

3.05     Costco Defendants were responsible for maintaining a safe Premises.

3.06     As a result of the fall, Plaintiff suffered painful and substantial personal injuries.

## IV.  CAUSE OF ACTION FOR PREMISES LIABILITY

4.01     At all material times, Costco themselves, or acting through their administrative personnel, agents and/or employees, created an unreasonable risk of harm on the premises of which they knew or should have known, and failed to use reasonable care to correct or warn Plaintiff of the condition.  As a proximate result of the negligence of Costco, Plaintiff suffered the serious personal injuries complained of herein.

4.02     Because Plaintiff was an invitee at the time of injury, Costco owed her a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

4.03     Costco's conduct, and that of any agents, servants, and/or employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff. Defendants knew or should have known that the condition on the premises created an unreasonable risk of harm to invitees.  Defendants failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees regarding unreasonable risk of harm to invitees.  Specifically, Costco breached their duties in one or more of the following ways:

a.     Failing to inspect the premises on a regular basis;

b.     Failing to correct or warn of the dangerous conditions created by the concealed raised step, complained of herein;

c.     Failing to place signs warning invitees;

d.     Failing to provide adequate instructions to invitees to avoid injury;

e.     Failing to exercise reasonable care in establishing and maintaining a premises free of recognized hazards;

       f.       Failing to provide a safe walking surface;

       g.      Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment;

       h.      Failing to supervise its agents, servants, and employees to ensure the safety of invitees.

4.04    Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.

## V.  DAMAGES

5.01    As a proximate result of Defendants' negligence, Plaintiff suffered severe physical injuries.  As a result of her injuries, Plaintiff has suffered the following damages:

       a.      Physical pain in the past and future;

       b.      Mental anguish in the past and future;

       c.      Lost earnings in the past and future;

       d.      Damage to earning capacity in the past and future;

       e.      Physical impairment in the past and future; and

       f.      Medical expenses in the past and future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial she has judgment against Defendants in a sum in excess of the minimum jurisdictional limits of the Court; prejudgment and post judgment interest as provided by law; costs of suit; and such other and further relief to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**THE BENTON LAW FIRM**

___/s/ Leon R. Kassab_____
LEON R. KASSAB, State Bar No. 24095164
1825 Market Center Blvd., Suite 350
Dallas, Texas 75207
Phone  (214) 219-4878
Fax     (214) 615-2950
Service@TheBentonLawFirm.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gina Marino on behalf of Leon Kassab
Bar No. 24095164
gina@jeffbenton.com
Envelope ID: 66228790
Status as of 7/12/2022 12:28 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gina Marino | | gina@jeffbenton.com | 7/12/2022 11:15:50 AM | SENT |
| Jeff Benton | | service@thebentonlawfirm.com | 7/12/2022 11:15:50 AM | SENT |
| Leon Kassab | | leon@jeffbenton.com | 7/12/2022 11:15:50 AM | SENT |